# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# BAY CITY DIVISION

| | |
|---|---|
| MODIE MCCLENDON, III, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-11816 |
| DEBTSY, INC. and CROWN ASSET MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW comes MODIE MCCLENDON III ("Plaintiff"), by and through the undersigned, complaining as to the conduct of DEBTSY, INC. ("Debtsy") and CROWN ASSET MANAGEMENT, LLC ("CAM") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Saginaw, Michigan, which lies within the Eastern District of Michigan.

5. Debtsy is a third party debt collector that utilizes purported technological advances "to provide a more streamlined, compliant, and effective resolution process for borrowers and creditors alike."[1] Debtsy further claims to provide its clients "workflow management and vendor oversight" so its clients will "never be in the dark about operations, performance, or risk."[2] Debtsy is a corporation organized under the laws of the state of Delaware with its principal place of business located at 130 West 25th Street, Unit 6C, New York, New York.

---

[1] https://www.debtsy.com/
[2] *Id.*

6. CAM is a third party debt collector and debt purchaser that engages in "operations in purchasing and managing distressed and delinquent receivables in the Accounts Receivable Management (ARM) industry."[3] CAM is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 3100 Breckinridge Boulevard, Suite 725, Duluth, Georgia.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant actions arises out of Defendants' attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

10. Upon information and belief, the subject debt stems from Plaintiff's purportedly defaulted payments said to be owed in connection with an American Eagle credit card which Plaintiff used for personal purposes.

11. On or around May 25, 2021, Debtsy sent Plaintiff a collection email attempting to collect upon the subject debt.

12. This was the first written collection correspondence Plaintiff received from Debtsy in connection with the subject debt.

---

[3] https://www.crownasset.com/

3

13. Debtsy's collection letter states that it was hired by CAM to collect an amount stemming from an Aeo, Inc. (i.e., American Eagle) account, with such account originating with Synchrony Bank.

14. The collection email further identified Synchrony Bank as the "Original Creditor" and CAM as the "Current Owner."

15. Plaintiff became confused as a result of Debtsy's collection letter, as he was unsure of who Debtsy was, who CAM was, who Aeo, Inc. was, and further could not recall owing a balance in connection with a Synchrony bank debt.

16. Given the nature of Debtsy's collection email, Plaintiff could not even ascertain who would be the proper entity to call to determine the legitimacy of Defendants' collection efforts given the extent to which Debtsy's collection letter failed to clarify precisely to whom the subject debt was owed.

17. Debtsy's reference to CAM as the current owner is not the same thing as telling a consumer to whom a particular debt was owed.

18. Debtsy's confusing and misleading collection letter deprived Plaintiff of substantive information which would have allowed him to intelligently chart a course of conduct in response to Defendants' collection efforts.

19. Debtsy's imprecise identification of to whom the subject debt was owed was exacerbated in subsequent collection letters, as Debtsy repeatedly referred to CAM as the current owner, while simultaneously referencing Synchrony and Aeo, Inc.,

4

doubling down on its imprecise articulation of precisely to whom the subject debt was owed.

20. Given the confusion by Plaintiff and his questioning of the legitimacy of Defendants' collection efforts, Plaintiff contacted Debtsy to inquire about the nature of their collection efforts.

21. During this phone call, Plaintiff requested proof that the subject debt was valid.

22. Debtsy's representative flippantly responded that the subject debt was valid.

23. Upon information and belief, given the nature of Debtsy's business model and the oversight it affords its clients, CAM directed and controlled the nature of Debtsy's collection activities such that CAM and Debtsy enjoy a principal-agent relationship, respectively.

24. Frustrated, concerned, and confused by Defendants' concerted conduct, Plaintiff spoke with counsel regarding his rights, resulting in the expenditure of time and accrual of resources.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion, aggravation, being deprived the ability to intelligently respond to the nature of Defendants' collection efforts, deprivation of substantive information to which Plaintiff was entitled, risk of harm stemming from the deprivation of vital information, and numerous violations of his state and

5

federally protected interests to be provided clear and accurate information by debt collectors.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because Debtsy regularly uses the mails or telephone to collect upon debts originally owed to others. Defendants are further businesses whose principal purpose is the collection of debts.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. CAM is both directly liable for its conduct as a debt collector, as well as vicariously liable for the violations of law by its agent Debtsy.

   a. **Violations of FDCPA §1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

6

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendants violated §§ 1692e, e(2)(A), and e(10) through their failure to clearly identify the creditor *to whom the subject debt was owed* in the collection letters sent to Plaintiff. Defendants' letters misled and deceived Plaintiff, and similarly misleads and deceives the least sophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendants' collection efforts. Words of ownership are not tantamount to an indication of to whom a debt is owed. Defendants' collection letter falls short of the requisite clarity with which debt collectors are expected to inform consumers about to whom a debt is owed.

34. Defendants further violated §§ 1692e, e(2)(A), and e(10) through the deceptive and misleading comment by Debtsy's representative that the subject debt was valid. Upon information and belief, the comment was made absent any sort of factual basis or without confirming any sort of documentation. Instead, the comment was made to deceptively convince Plaintiff that further pursuit of his request for proof was fruitless and he should just make payment.

    b. **Violations of FDCPA §1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendants violated §1692f when they unfairly attempted to stymie Plaintiff's pursuit of proof regarding the subject debt.

### c. Violations of FDCPA § 1692g(a)(2)

37. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

38. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point do Defendants identify who the *current* creditor is. Instead, Defendants' collection letters reference a number of entities with purported ties to the subject debt, without sufficiently clarifying to whom the debt was owed. Defendants' failure in this regard deprived Plaintiff from being able to intelligently chart a course of conduct in response to Defendants' collection efforts, as he was prevented from even being provided sufficient information to be able to determine who should be contacted in order to confirm the legitimacy of the collection efforts he was experiencing at the hands of unknown parties.

WHEREFORE, Plaintiff, MODIE MCCLENDON III, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
#### PLAINTIFF AGAINST DEBTSY

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

41. Debtsy is a "collection agency" as defined by M.C.L. § 339.901(b) as they are a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

42. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

   a. **Violations of M.C.L. § 339.915(f)(ii)**

43. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

44. Debtsy violated M.C.L. § 339.915(f)(ii) through its deceptive and misleading representations regarding Plaintiff's dispute and validation rights. Plaitniff requested such validation, yet Debtsy's agent deceptively represented the subject debt was valid. This representation misrepresented the parameters of Plaintiff's legal rights regarding validation of debts.

### b. Violations of M.C.L. § 339.915(q)

45. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

46. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that its employees are failing to engage in deceptive or misleading conduct.

WHEREFORE, Plaintiff, MODIE MCCLENDON III, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

    c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

    d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

    f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: August 5, 2021                                              Respectfully submitted,


s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com